UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EZRA RODRIGUEZ #979211,

        Plaintiff,                        Hon. Phillip J. Green

v.                                     Case No. 1:22-cv-65

UNKNOWN LEITHEIM,

        Defendant.

_____/

## OPINION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 15).   The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment.   28 U.S.C. § 636(c)(1).   For the reasons discussed herein, Defendant's motion will be granted and this action terminated.

## BACKGROUND

Plaintiff initiated this action on January 24, 2022, against Eric Leitheim, a Sergeant employed at the Ionia Correctional Facility.   In his complaint, Plaintiff alleges the following.   On July 2, 2021, Plaintiff was accused of throwing an "unknown brown liquid substance" on a prison guard.   In response, Leitheim and several other officers approached Plaintiff's cell wearing "riot gear."   Defendant sprayed "riot gas" into Plaintiff's cell, shortly after which Plaintiff was taken into custody and escorted to

-1-

segregation.    Plaintiff alleges that Defendant Leitheim violated his Eighth Amendment rights.    Plaintiff seeks $2,000,000.00 in damages as well as declaratory and injunctive relief.    Defendant Leitheim now moves for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies. Plaintiff has failed to respond to Defendant's motion.[1]    The Court finds that oral argument is unnecessary.    *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."    Fed. R. Civ. P. 56(a).    Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."    *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."    *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).    Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence,

---

[1] The Case Management Order clearly states that if Defendant moves for relief on exhaustion grounds, "Plaintiff's response to the motion will be due 28 days after the filing of the motion."    (ECF No. 14, PageID.52).    Defendant filed the present motion on September 28, 2022.    The deadline for Plaintiff to respond has passed.    Plaintiff has neither responded to Defendant's motion nor requested an extension of time to do so.

which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).   The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient.   *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357.   The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."   *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).   Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."   *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."   *Daniels*, 396 F.3d at 735.   Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## <u>ANALYSIS</u>

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'  The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody.   Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs.   MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019).   The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue.   (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff.   MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019).   The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included."   MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due.   MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019).   If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter

to Step III.   MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).   The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.   *Id.*

In support of his motion, Defendant has submitted evidence that Plaintiff failed to pursue through all three steps of the grievance process any grievance regarding the events giving rise to this action.   (ECF No. 16, PageID.79-85).   Plaintiff has failed to respond to the present motion and, therefore, has failed to refute Defendant's argument or evidence.   Plaintiff has likewise failed to present any evidence otherwise demonstrating that he properly exhausted his administrative remedies with respect to his claim against Defendant Leitheim.   Accordingly, Defendant's motion will be granted and Plaintiff's claims against Defendant Leitheim dismissed without prejudice for failure to exhaust administrative remedies.

## **CONCLUSION**

For the reasons articulated herein, Defendant's Motion for Summary Judgment (ECF No. 15) is granted.   Plaintiff's claims against Defendant Leitheim are dismissed without prejudice for failure to exhaust administrative remedies and this action terminated.   For the same reasons the undersigned grants Defendant's motion, the undersigned finds that an appeal of this matter by Plaintiff would not be in good faith. A Judgment consistent with this Opinion will enter.

-6-

Date: November 29, 2022           /s/ Phillip J. Green
                                               PHILLIP J. GREEN
                                               United States Magistrate Judge